## In re ROSENSTEEL.

District Court, W. D. Pennsylvania. March 9, 1928.

No. 13892.

**1. Bailment ⇐⇒3—Bailment may be by parol, and parties may subject additional goods to bailment contract by subsequent parol agreement.**

Bailment may be either in writing or by parol, and parties may subject additional goods to the terms of the bailment contract by subsequent parol agreement.

**2. Bankruptcy ⇐⇒140(3)—Bailor subsequently delivering goods subject to original bailment contract held entitled, on bailee's bankruptcy, to reclaim additional goods for which payment had not been made.**

A bailment contract covering household furniture was entered into with bankrupt as bailee, and by a series of subsequent agreements additional items of personal property were added, to be paid for by monthly installments, subject to terms of original contract. *Held*, that bailor had right to reclaim items delivered under subsequent agreements by reason of nonpayment of rentals, as against other creditors whose debts had not been created at the time of the bailments, though property covered by original bailment contract had been completely paid for.

**3. Bailment ⇐⇒3—Subsequent agreements for delivery of property subject to original bailment created series of bailments, arising respectively on dates goods were acquired.**

Where bailor leased household furniture to bailee to be paid for by monthly installments, and by a series of subsequent agreements delivered additional property, with the understanding that items were to be included under the original contract, transaction gave rise to series

27 F.(2d)—64

of bailments arising, respectively, on dates when goods were acquired subsequently to the bailment.

In Bankruptcy. In the matter of Ethel Rosensteel, bankrupt. Patterson Bros. petitioned for reclamation of certain household goods leased to bankrupt. Their petition was denied by a referee, and they bring the case for review on certificate. Order refusing reclamation petition reversed, with directions.

Marshall & Watson, of Butler, Pa., for petitioners.

J. H. Cochran, of Butler, Pa., for trustee.

SCHOONMAKER, District Judge. This case comes before the court on certificate to review the denial of the reclamation petition of Patterson Bros., who asked the court to direct the return to them of certain household goods which they had leased to the bankrupt on a bailment contract. At the time of the argument on the certificate to review, by agreement of the parties, additional testimony was taken, for the purpose of showing the times when the articles alleged by the claimant to be subject to the bailment contract were delivered to the alleged bankrupt as bailee; this for the purpose of showing that the items added to the original bailment contract were not added after the bailment had fulfilled its purpose and the bailed goods had been delivered to the bailee as owner.

From the evidence taken before the referee and that taken before the court, it appears, first, that, by the proofs of claim already on file with the referee in bankruptcy in this case, none of them were incurred prior to April 29, 1924, the date when the last item alleged to be subject to the bailment contract was delivered by Patterson Bros. to Ethel Rosensteel, the bankrupt. It appears that by bailment lease, in due form to create a legal bailment under the laws of the state of Pennsylvania, Patterson Bros., on the 14th of January, 1918, leased to Ethel Rosensteel six items of household furniture at a listed value of $92.25, with the agreement that $15 be paid down, and $10 be paid each month thereafter until the bailment be complied with, and with the further agreement that, if all the money contracted to be paid by the bailee under the terms of the contract was paid, the bailee should retain the goods as her property. By subsequent agreement of the parties, made between the 4th day of January, 1918, and the 25th of January, 1918, there was added to and included in the

bailment three items of personal property, of the value of $12, which had been delivered by Patterson Bros. to Ethel Rosensteel on December 17, 1917, with an understanding that they were to be on bailment contract. On that date, credit of $1 was made on the bailment. Thereafter, beginning with January 25, 1918, and continuing from time to time until and including the 29th of April, 1924, additional goods were acquired by the bankrupt from Patterson Bros., with the understanding that they were to be under bailment contract and subject to the same conditions as the original bailment made on the 14th of January, 1918. In each case and on each date the specific items agreed to be delivered on bailment to the bankrupt were entered on the bailment, both the lease in the possession of the bailor and the lease in possession of the bankrupt, Ethel Rosensteel, who brought to the store of the bailor her copy of the bailment contract at each date for the purpose of having the entries made.

Between December 17, 1917, and December 28, 1925, payments were made by the bailee, Ethel Rosensteel, to the bailor, Patterson Bros., in the sum of $466, which paid the value of all goods at various times added to and becoming subject to the bailment contract prior to November 15, 1922. The goods acquired by the bankrupt on and after November 15, 1922, subject to the bailment contract, are still in the hands of the bankrupt, subject to reclamation by reason of nonpayment of the rentals agreed to be paid therefor, and in our opinion the claimants are entitled to recover from the trustee in bankruptcy these items, and to that extent the order of the referee must be reversed, and an order entered for the reclamation of the items subject to the bailment contract, beginning with the date of November 15, 1922. The referee has held that this bailment contract in question is good only as to the items delivered to the bankrupt on the 14th of January, 1918, and as the full value of those items covered by the bailment contract was fully paid, the bankrupt had a right to retain possession, and that there could be no reclamation as to those, and that as to the balance of the items there was no bailment contract, and the contract was one of purchase and sale, and that, as to the balance due on those items for purchase money, Patterson Bros. would be a mere general creditor, and could not reclaim the goods. The petition was therefore denied.

[1-3] We are unable to agree with this conclusion. Bailment may be either in writing or by parol. The parties may themselves, by subsequent parol agreement, subject additional goods to the terms of the bailment contract. In effect, in the instant case, we have, instead of one bailment, a series of bailments, covering each time that the bankrupt came into the place of business of Patterson Bros. and acquired new goods with the understanding that they were subject to the same term of bailment as those contained in the bailment contract of January 14, 1918. The effect of that is that the payments by Ethel Rosensteel should be applied to the payment of the charges due in respect to the goods covered by the earlier bailments, so that, making such application of payment, we arrive at the result that the value of all bailed goods has been paid, except as to those goods which were acquired on and subsequent to November 15, 1922. At the time of the creation of these various bailments, none of the present creditors of the bankrupt were interested in the transaction, for their debts had not been created. The parties themselves had the legal right to make such contract with reference to these goods as they chose to. We believe they have legally entered into an arrangement which has made a series of bailments arising respectively on the dates when the goods were acquired subject to bailment. That disposes of the whole case at issue.

An order may be made in accordance with this opinion.